UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS DUBE, as Parent and Legal Guardian of JORDAN DUBE, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>JENNIFER HOGAN; JACOB HOGAN; WESTERN UNITED INSURANCE COMPANY dba AAA NEVADA INSURANCE COMPANY; and DOES 1–10; and ROE ENTITIES 11 through 20, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-00495-JAD-VCF<br><br>**ORDER DENYING MOTION TO REMAND [Doc. 6]** |

Plaintiff Thomas Dube sues defendants for injuries his son Jordan allegedly sustained in a motor vehicle accident.[1] Defendant Western United Insurance Company dba AAA Nevada Insurance Company removed this case from Nevada State Court based on diversity jurisdiction.[2] Plaintiff now asks this Court to remand this case back to state court arguing that the case value does not meet the $75,000 jurisdictional threshold for federal jurisdiction. As defendant has demonstrated that plaintiff values his damages at $100,000, the motion to remand is denied.

---

[1] Doc. 3 at 4.

[2] Doc. 1 at 2. Plaintiff is a resident of Nevada. Defendant Jennifer Hogan is a resident of Arizona and Defendant Jacob Hogan is a resident of Mississippi. Defendant Western United Insurance Company dba AAA Nevada Insurance Company is incorporated in Indiana with its principal place of business in Indiana.

**Discussion**

**A.     Motion to Remand**

"Federal courts are courts of limited jurisdiction."[3] There is a strong presumption against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[4] Therefore the defendant always has the burden of establishing that removal is proper.[5] This burden is usually satisfied if the plaintiff claims a sum more than the threshold requirement.[6] If the amount of plaintiff's claim is unclear, the defendant must prove that it is more likely than not that the jurisdictional amount has been met.[7] Defendants may rely upon facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount-in-controversy.[8] Conclusory allegations do not overcome the presumption against removal jurisdiction or satisfy the defendant's burden of proving the case.[9] The defendant does not need to predict the trier of fact's eventual award with certainty.[10]

The federal procedure for removal of civil actions requires a defendant to include in its removal petition a "short and plain statement of the grounds for removal."[11] Western United represents in its statement of removal that Plaintiff "demanded" the tender of "the full value of the UM policy, $100,000.00,"[12] and it attaches to its opposition to the motion for remand plaintiff's

---

[3]     *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[4]     *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[5]     *Id.*

[6]     *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)).

[7]     *Id.*; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

[8]     *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[9]     *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted).

[10]    *Id*.

[11]    28 U.S.C. § 1446.

[12]    Doc. 11 at 3.

1 counsel's letter demanding the full $100,000 policy limits.[13]  The Ninth Circuit has recognized that
2 settlement letters may provide a reasonable estimate of a plaintiff's claim for removal jurisdiction
3 purposes.[14]  Plaintiff's counsel's concession that "counsel does not intend to seek an award more
4 than $75,000"[15] is of no consequence.  As the United States Supreme Court long ago acknowledged
5 in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, "a plaintiff may not defeat removal by
6 subsequently changing his damage request, because post-removal events cannot deprive a court of
7 jurisdiction once it has attached."[16]  At the time the case was removed, plaintiff was taking the
8 position that this case is worth $100,000, which satisfies the jurisdictional threshold and vests this
9 Court with jurisdiction.

**B.     Request for Rule 11 Sanctions**

Defendant's request for an award of fees and costs for having to respond to a motion it considers "frivolous" because the plaintiff values the case at $100,000[17] is denied.  Defendants have not even attempted to demonstrate that they satisfied the procedures for obtaining Rule 11 sanctions.[18]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand [#6] and Defendant's request for Rule 11 Sanctions are both DENIED.

DATED: July 22, 2014

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[13]   Doc. 12-1.  Plaintiff's counsel does not dispute the authenticity of this document.

[14]   *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

[15]   Doc. 14 at 3.

[16]   *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

[17]   *See* Doc. 12 at 6.

[18]   *See* Fed. R. Civ. Proc. 11(c)(2).