**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| THOMAS DUBE,<br><br>         Plaintiff,<br><br>vs.<br><br>WESTERN UNITED INSURANCE COMPANY, *et al.*,<br><br>         Defendants. | 2:14-cv-00495-JAD-VCF<br><br>**ORDER** |

Before the court are the Plaintiff's Ex Parte Motion to Extend time to Serve Defendant, Jennifer Hogan with the Second Amended Complaint or in the Alternative by Publication and to Voluntarily Dismiss Defendant Jacob Hogan (#17) and Plaintiff's Ex Parte Motion to Extend Time to Serve Defendant, Jennifer Hogan with the Second Amended Complaint (#19).

**Relevant Background:**

This action was removed to federal court on April 2, 2014. (#1). On April 9, 2014, Defendant Western United Insurance Company filed an answer to the complaint. (#7). On August 5, 2014, Plaintiff filed the instant motions. (#s 17 and 19). To date, no discovery plan and scheduling order has been filed.

**Analysis:**

Under Local Rule 7-5(a), an ex parte motion is a motion that is filed with the court but not served upon the opposing party. Local Rule 7-5(b) states, "[a]ll ex parte motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties."

Here, plaintiff failed to provide a statement showing good cause why the matter was submitted to the Court without notice to all parties.  The court has reviewed both motions (#s 17 and 19) and finds sufficient reason for Defendant Western United Insurance Company to be notified of these motions.

Local Rule 26-1(d) requires the parties to hold a Fed. R. Civ. P. 26(f) meeting within 30 days after the first defendant answers or otherwise appears and 14 days after the Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order.  Defendant Western United Insurance Company removed this case to this court on April 2, 2014 (#1) and filed its answer on April 9, 2014.  To date, the parties have not filed a stipulated discovery plan and scheduling order.  The parties, thus, have failed to comply with Local Rule 26-1(d).

On August 6, 2014, Plaintiff filed a separate notice of voluntary dismissal of defendant Jacob Hogan. (#20).  With the exception of the voluntary dismissal of defendant Jacob Hogan in #17, motion #17 and motion #19 are duplicate motions to extend time to serve Jennifer Hogan.  Since these are duplicate motions and in the interest of simplifying the docket sheet, motion #17 is stricken.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion to Extend time to Serve Defendant, Jennifer Hogan with the Second Amended Complaint or in the Alternative by Publication and to Voluntarily Dismiss Defendant Jacob Hogan (#17) is stricken.

IT IS FURTHER ORDERED that Plaintiff's Ex Parte Motion to Extend Time to Serve Defendant, Jennifer Hogan with the Second Amended Complaint (#19) is improperly filed as an ex parte motion.

The clerk of court is directed to remove the motion's ex parte status and email a copy of the motion to Defendant Western United Insurance Company.  Any opposition to the motion (#19) is due by September 2, 2014.  Any reply in support of the motion is due by September 12, 2014.

1  IT IS FURTHER ORDERED that a discovery hearing is scheduled for 1:00 p.m., August 26, 2014. The discovery hearing will be vacated upon the filing of the stipulated discovery plan and scheduling.

Dated this 14th day of August, 2014.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　CAM FERENBACH
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE